## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MONTREZ AUBERRY, individually and<br>on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>FASTEST MEDIA LLC,<br><br>        Defendant. | Case No. 2:22-CV-12426-BAF-CI<br>Hon. Bernard A. Friedman<br>Hon. Mag. Curtis Ivy, Jr. |

## DEFENDANT'S MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

Defendant Fastest Media LLC ("Fastest Media" or "Defendant"), through its counsel Clark Hill PLC and pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), moves to dismiss Plaintiff Montrez Auberry's Complaint. In support of this Motion, Fastest Media relies on the attached Brief in Support.

In accordance with Local Rule 7.1(a), on September 28, 2023, counsel for Fastest Media sent an email to Plaintiff's counsel, which followed up a prior email discussion regarding similar issues, seeking to confer on the instant Motion. In that email, Fastest Media's counsel explained the basis for the motion and requested to confer. A conference was held on October 2, 2023, and concurrence was not obtained.

Respectfully submitted,

CLARK HILL PLC

By:     _/s/ Bethany G. Stawasz_
            D. Peter Valiotis (P68499)
            Bethany G. Stawasz (P75578)
            500 Woodward Avenue, Suite 3500
            Detroit, MI 48226
            (313) 965-8300
            pvaliotis@clarkhill.com
            bstawasz@clarkhill.com

Date: October 2, 2023         Attorneys for Fastest Media LLC

CLARKHILL\L9380\466286\273494946.v8-10/2/23

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MONTREZ AUBERRY, individually and<br>on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>FASTEST MEDIA LLC,<br><br>        Defendant. | Case No. 2:22-CV-12426-BAF-CI<br>Hon. Bernard A. Friedman<br>Hon. Mag. Curtis Ivy, Jr. |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

# TABLE OF CONTENTS

ISSUE PRESENTED ......................................................................... ii

CONTROLLING AUTHORITY ......................................................... iii

INDEX OF AUTHORITIES............................................................... iv

INTRODUCTION ...............................................................................1

STATEMENT OF RELEVANT FACTS ...............................................2

LEGAL STANDARDS .......................................................................4

   I.   FRCP 12(b)(2) – Lack of Personal Jurisdiction ..............................4

   II.  FRCP 12(b)(6) – Failure to State a Claim....................................5

ARGUMENT .....................................................................................6

   I.   THIS COURT LACKS PERSONAL JURISDICTION OVER FASTEST MEDIA (FRCP 12(b)(2)).......................................................6

     A.  This Court Does Not Have a Basis to Exercise Jurisdiction under Michigan's Long-Arm Statutes ...........................................6

     B.  Exercising Personal Jurisdiction over Fastest Media to Jurisdiction in Michigan Would Violate Due Process ................7

   II.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM (FRCP 12(b)(6)).......................................................................11

     A.  Plaintiff's Allegations Fail to Plausibly Allege a Disclosure of his Reading Information Prior to July 31, 2016 ...................11

     B.  Plaintiff's Claim (And Those Of The Purported Class) Are Almost Entirely, If Not Entirely, Time Barred ...........................15

CONCLUSION ................................................................................16

CLARKHILL\L9380\466286\273494946.v8-10/2/23

## **ISSUE PRESENTED**

Whether, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) this Court should dismiss Plaintiff's Complaint for a lack of personal jurisdiction over the Defendant, and because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

CLARKHILL\L9380\466286\273494946.v8-10/2/23

## <u>CONTROLLING AUTHORITY</u>

**Cases**

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*,
     582 U.S. 255 (2017)

*Bozung v. Christinanbook LLC,*
     2023 WL 2385004 (W.D. Mich. Mar. 6, 2023)

*Means v. United States Conference of Catholic Bishops*,
     836 F.3d 643 (6th Cir. 2016)

*Southern Machine Co. v. Mahoasco Industries, Inc.,*
     401 F.2d 374 (6th Cir. 1968)

*Nashel v. The New York Times Co.*,
     2022 WL 6775657 (E.D. Mich. Oct. 11, 2022)

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(2)

Fed. R. Civ. P. 12(b)(6)

M.C.L.A. §600.711

M.C.L.A. §600.715

M.C.L.A. §445.1712

M.C.L.A. §445.1713

CLARKHILL\L9380\466286\273494946.v8-10/2/23

# INDEX OF AUTHORITIES

**Cases**

*Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) ...............................5

*American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988) ..............4

*Anwar v. Dow Chemical Co.*, 876 F.3d 841, 847 (6th Cir. 2017) ........................1, 4

*Asahi Metal Indus. Co. v. Super. Court of Cal.*, 480 U.S. 102 (1987) ....................10

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009).......................................5

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 567 (2007) ......................................4, 5

*Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 506 (6th Cir. 2014) ....................................................................................................8, 10

*Bozung v. Christianbook LLC*, 2023 WL 2385004 (W.D. Mich. Mar. 6, 2023). 11, 15

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 267 (2017)................................................................................................9

*Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000) ...........................10

*Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014).............................................9

*Franklin Capital Funding, LLC v. Ace Funding Source, LLC*, 2021 WL 1224917, *3 (E.D. Mich. Mar. 31, 2021) ..................................................................6

*Green v. Wilson*, 565 N.W.2d 813, 815 (Mich. 1997)..............................................6

*Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005)..................................8

*MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017)..........1, 5

*Magna Powertrain De Mexico v. Momentive Performance Materials USA LLC*, 192 F.Supp.3d 824, 827 (E.D. Mich. 2016) ..........................................................5

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ...............4

*Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016) ................................................................................................8, 9

*Nashel v. The New York Times Co.*, 2022 WL 6775657, * 4-5 (E.D. Mich. Oct. 11, 2022) ..................................................................................... 12, 14

*Palnik v. Westlake Entertainment, Inc.*, 344 Fed. App'x 249, 251 (6th Cir. 2009) .4, 16

*Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 673 (E.D. Mich. 2022) ....................................................................................................16

*Premier Automation Contractors, Inc. v. Pinney*, 2020 WL 13577554, *4 (E.D. Mich. April 30, 2020) ..............................................................................9

*Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).............................6

*Service First Logistics, Inc. v. A-One Pallet, Inc.*, 2020 WL 4366063, *3 (E.D. Mich. July 30, 2020) ................................................................. 10, 11

CLARKHILL\L9380\466286\273494946.v8-10/2/23

*Southern Machine Co. v. Mahoasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir. 1968) ...................................................................................................................8

*Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) ...........................4, 5

*Walden v. Fiore,* 571 U.S. 277, 286 (2014) ...........................................................8

*Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974) ...........................4

*Wheaton v. Apple, Inc.*, 2019 WL 5536214 (N.D. Cal. Oct. 25, 2019) .................15

*Wicked Grips LLC v. Badaan*, 2021 WL 3783068, *3-5 (E.D. Mich. July 21, 2021) ...................................................................................................................8

*Wilkins ex rel United States v. Ohio*, 885 F. Supp. 1055, 1058 (S.D. Ohio 1995)....6

## Statutes

M.C.L.A. §445.1712 ..............................................................................................11

M.C.L.A. §445.1713 ..............................................................................................11

M.C.L.A. §600.711 ..............................................................................................6, 7

M.C.L.A. §600.715 ..............................................................................................6, 7

## Rules

Fed. R. Civ. P. 12(b)(2).................................................................... 1, 2, 4, 16

Fed. R. Civ. P. 12(b)(6).................................................................................5

CLARKHILL\L9380\466286\273494946.v8-10/2/23

## **INTRODUCTION**

Plaintiff's complaint brings a single statutory claim under an antiquated statute – the Michigan's Preservation of Personal Privacy Act ("MPPPA") – that prohibits the knowing disclosure of a magazine subscriber's "personally identifying reading information" without consent prior to July 31, 2016. Plaintiff's Complaint, however, fails to both (A) assert a basis to haul out-of-state Defendant Fastest Media into a Michigan Court, or (B) plausibly allege that Fastest Media disclosed his reading information related to a purported subscription to a magazine called *Technowize*.

Thus, as an initial matter, this Court should dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(2) because it lacks personal jurisdiction over Fastest Media. Fastest Media is not publisher of *Technowize*, nor did it sell a subscription of *Technowize* to Plaintiff in Michigan (or anywhere else). ("Raol Dec.," attached as **Exhibit 1**).[1] Fastest Media therefore did not (and could not have) rent, sell or disclose Plaintiff's reading information. (Raol Dec. at ¶¶10, 26.) Fastest Media has no offices or employes in Michigan, and conducts little (if any) business in this state.

---

[1] This Court can consider this Declaration in support of Fastest Media's motion under Fed. R. Civ. P. 12(b)(2). *See, e.g., Anwar v. Dow Chemical Co.*, 876 F.3d 841, 847 (6th Cir. 2017); *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017). Fastest Media's counsel previously provided a declaration with similar facts showing Fastest Media's lack of involvement in publishing *Technowize* and not having, let alone disclosing, Plaintiff's information.

(Raol Dec. at ¶¶ 6-9, 21-25). Fastest Media's connection to this forum are so utterly attenuated that this Court's exercise of personal jurisdiction would not comport with Due Process.

Even if this Court found a basis exercise personal jurisdiction over Fastest Media, Plaintiff's Complaint fails to plausibly allege an MPPPA violation. Again, Plaintiff must allege facts showing that Fastest Media possessed and disclosed his reading information to a third-party prior to July 31, 2016.  Plaintiff's entire claim hinges on a datacard from third-party NextMark apparently indicating that it has subscriber lists for sale for *Technowize* "through 9/27/2022." *See* ECF No. 1, Compl. at Exhibit A, PageID.30. For this single exhibit to support Plaintiff's MPPPA claim, this Court would need to make multiple far-reaching and speculative leaps that: (a) because lists are available for sale at "through 9/27/2022" there were also available for sale prior to July 31, 2016 (six-years earlier); (b) the pre-July 31, 2016 lists included Plaintiff's reading information; and (c)  Plaintiffs reading information was disclosed by Fastest Media.  Lacking in these facts or any reasonable basis to infer them, Plaintiff utterly fails to state a plausible MPPPA claim under Rule 12(b)(6).

## STATEMENT OF RELEVANT FACTS

Defendant Fastest Media is a digital advertising company that provides advertising services to a range of companies, including magazine publishers. (Raol Dec. at ¶¶10-11.) Fastest Media is not a magazine publisher, and did not publish

CLARKHILL\L9380\466286\273494946.v8-10/2/23

*Technowize* magazine. (*Id.*) Fastest Media is incorporated in Las Vegas, Nevada. (ECF No. 1, Compl. at ¶11, PageID.7.) Fastest Media does not have any physical offices or employees in Michigan. (Raol Dec. at ¶¶6-7.) Fastest Media does not direct its advertising services to Michigan, nor does it derive significant revenue there. (*Id.* at ¶¶22, 25.)

Plaintiff alleges that he was a subscriber to *Technowize* magazine at some point prior to July 2016. (*Id.* at ¶10, PageID.6.) According to Plaintiff, Fastest Media is the "publisher" of *Technowize* magazine (it is not). (*Id.* at ¶11, PageID.7.) At some unspecified time,, Plaintiff received a "barrage" or "dramatic uptick" of junk mail. (*Id.* at ¶¶ 1, 3, PageID.1-2, 4.) Plaintiff believes this uptick in junk mail received by him is because the list broker NextMark "offers to provide renters access to the mailing list titled 'Technowize Magazine Subscriber list of IT Professionals Mailing List,'" which Plaintiff attaches as Exhibit A to his Complaint. (*Id.* at ¶2, Ex. A, PageID.3-4, 30.) Plaintiff does not plead any facts to show: (1) that his information is included in the exhibited datacard or alleged list; (2) that the list was ever actually sold by NextMark to any advertisers or others or led to any alleged uptick in junk mail or, most importantly, (3) that the datacard subscriber information was provided by Fastest Media to NextMark. Rather, Plaintiff expects the Court to connect all these dots based solely on the existence of the datacard.

3

## LEGAL STANDARDS

### I.     FRCP 12(b)(2) – Lack of Personal Jurisdiction

In its complaint, a plaintiff must "establish[ ] with reasonable particularity"
those certain facts that support a court's exercise of personal jurisdiction over a
defendant. *Palnik v. Westlake Entertainment, Inc.*, 344 Fed. App'x 249, 251 (6th Cir.
2009) (citing *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 567 (2007). Specifically,
a plaintiff must allege sufficient facts to make a "prima facie" showing of personal
jurisdiction; to-wit, a plaintiff must allege facts establishing with reasonable
particularity that the defendant directed its conduct to the forum state, as described
in more detail below. *Id*. at 251-252.

When personal jurisdiction is challenged in a motion filed under Federal Rule
of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the Court's
authority to proceed against the defendant. *Theunissen v. Matthews*, 935 F.2d 1454,
1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S.
178, 189 (1936); *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir.
1988); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)). When
deciding whether the plaintiff has met that burden, the "court may rely 'upon the
affidavits alone; it may permit discovery in aid of deciding the motion; or it may
conduct an evidentiary hearing to resolve any apparent factual questions.'" *Anwar
v. Dow Chemical Co.*, 876 F.3d 841, 847 (6th Cir. 2017) (quoting *MAG IAS*

CLARKHILL\L9380\466286\273494946.v8-10/2/23

*Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017)). When a factual

contest requires resort to the third option, the plaintiff must satisfy the preponderance

of evidence standard of proof. *Theunissen*, 935 F.2d at 1458-1459. But in any event,

in the face of a properly supported motion for dismissal, a plaintiff may not simply

stand on his pleadings, but must set forth specific facts showing that the court has

jurisdiction. *Id.*; *see also Magna Powertrain De Mexico v. Momentive Performance*

*Materials USA LLC*, 192 F.Supp.3d 824, 827 (E.D. Mich. 2016) (Lawson, J.).

## II.     FRCP 12(b)(6) – Failure to State a Claim

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim

upon which relief can be granted." In evaluating a motion brought pursuant to Rule

12(b)(6), "[c]ourts must construe the complaint in the light most favorable to

plaintiff, accept all well-pled factual allegations as true, and determine whether the

complaint states a plausible claim for relief." *Albrecht v. Treon*, 617 F.3d 890, 893

(6th Cir. 2010) (internal brackets, quotation marks, and citations omitted). To

survive a Rule 12(b)(6) motion, the complaint must contain specific factual

allegations, and not just legal conclusions, in support of each claim. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678–679 (2009). A complaint is subject to dismissal unless,

when all well-pled factual allegations are accepted as true, the complaint states a

"plausible claim for relief." *Id.* at 679. Additionally, a motion to dismiss will be

granted if there is an absence of law to support a claim of the type made, if there is

an absence of facts sufficient to make a valid claim, or, if on the face of the complaint, there is an insurmountable bar to relief. *See Wilkins ex rel United States v. Ohio*, 885 F. Supp. 1055, 1058 (S.D. Ohio 1995) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)).

## **ARGUMENT**

## I. **THIS COURT LACKS PERSONAL JURISDICTION OVER FASTEST MEDIA (FRCP 12(b)(2))**

A court sitting in diversity looks to the forum state law to determine whether personal jurisdiction exists. *See e.g., Franklin Capital Funding, LLC v. Ace Funding Source, LLC*, 2021 WL 1224917, *3 (E.D. Mich. Mar. 31, 2021). Michigan law allows courts to exercise either general or specific jurisdiction over a corporate defendant under one of two long-arm statutes: M.C.L.A. §600.711 (general) or M.C.L.A. §600.715 (specific). To warrant the exercise of personal jurisdiction over Fastest Media in Michigan, Plaintiff must show both that: (1) Defendants conduct falls within Michigan's long-arm statutes, and (2) the exercise of jurisdiction comports with Due Process. *Green v. Wilson*, 565 N.W.2d 813, 815 (Mich. 1997). Plaintiff fails both prongs.

### **A. This Court Does Not Have a Basis to Exercise Jurisdiction under Michigan's Long-Arm Statutes**

#### i. General Jurisdiction (M.C.L.A. §600.711).

Plaintiff makes no allegations that fit within the requirements for such jurisdiction under M.C.L.A. §600.711. Nor can he as Fastest Media meets none of those requirements. (*See, e.g.,* Raol Dec. at ¶¶3-9, 18, 20, 22-24, 25-26.)

ii.    Specific Jurisdiction (M.C.L.A. § 600.715)

Fastest Media has not engaged in any of the conduct the supports the exercise of specific jurisdiction under M.C.L.A. §600.715. Specifically, Fastest Media: (a) has no offices in Michigan, (b) has no members in Michigan, (c) has no employees in Michigan, (d) has no property in Michigan, (e) has not directed any advertising into Michigan, (f) did not distribute any magazines to Michigan, (g) has not contracted to provide services in Michigan, and (h) had no sales in Michigan. (*Id.*) Accordingly, no basis exists under Michigan's long arm statute to assert a claim against Fastest Media.

**B. Exercising Personal Jurisdiction over Fastest Media to Jurisdiction in Michigan Would Violate Due Process**

This Court's exercise of personal jurisdiction over Fastest Media would also violate the Due Process Clause of the United States Constitution due to its utter lack of contacts with Michigan. Courts in the Sixth Circuit require proof of three factors to support the exercise of personal jurisdiction under the Due Process clause: (1) the defendant must "purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state"; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the acts of, or consequences

7

caused by, the defendant must be substantial enough such that the exercise of jurisdiction is reasonable. *See Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016), *citing Southern Machine Co. v. Mahoasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir. 1968). Plaintiff cannot show that Fastest Media meets any of these requirements.

> i.   Fastest Media has not Purposefully Availed Itself to Suit in Michigan

Purposeful availment is "essential to a finding of personal jurisdiction." *Means*, 836 F.3d at 649 (*citing Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005)) (internal quotations omitted). The focus of this inquiry is on whether the *defendant* took overt actions connecting it to the forum state. *Means*, 836 F.3d at 649 (citations omitted); *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 506 (6th Cir. 2014) (citations omitted). The contacts cannot be "random, fortuitous, or attenuated contacts [the defendant] makes by interacting with other persons affiliated with the [forum] State." *Means*, 836 F.3d at 649, *quoting Walden v. Fiore,* 571 U.S. 277, 286 (2014) (internal quotations omitted).

As noted above, Fastest Media has absolutely no connection to Michigan. (Raol Dec. at ¶¶3-9, 18, 20, 22-24, 25-26.) Therefore, Fastest Media has not purposefully availed itself of the benefits and protections of Michigan. *See e.g., Wicked Grips LLC v. Badaan*, 2021 WL 3783068, *3-5 (E.D. Mich. July 21, 2021) (no purposeful availment where entity was incorporated and located in Florida, had

8

no offices, employees, or advertising in Michigan, and had minimal sales in Michigan); *Premier Automation Contractors, Inc. v. Pinney,* 2020 WL 13577554, *4 (E.D. Mich. April 30, 2020) (no purposeful availment where entity never performed any work in Michigan, did not engage Michigan customers, and had no physical presence in Michigan).

Indeed, the facts alleged related to Michigan are *Plaintiff's* contacts with this state. (ECF No. 1. Compl. at ¶13, PageID.7-8.) However, Plaintiff's contacts are irrelevant to determining whether a defendant has purposefully availed itself to suit in the forum state. *See Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 267 (2017) ("[i]n order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum.*'" (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014)) (italics in original; citations omitted)).

The only contacts by Fastest Media with Michigan (allegedly selling a subscription to *Technowize* and disclosing list information with NextMark (another foreign entity)) are far too attenuated to form the basis of jurisdiction. *See, e.g., Means*, 836 F.3d at 650 (other Michigan entities that adopted or had to follow directives issued by non-resident entity were "attenuated contacts" that would not permit jurisdiction over non-resident defendant); *Premier Automation*, 2020 WL 13577554 at *4 (regular communications with plaintiff in Michigan occurred

9

because plaintiff chose to be headquartered" in [Michigan]"), *quoting Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000); *Service First Logistics, Inc. v. A-One Pallet, Inc.*, 2020 WL 4366063, *3 (E.D. Mich. July 30, 2020) (knowledge that employee formerly worked for Michigan company, and that violation of non-compete would harm Michigan company inappropriately focused on plaintiff's connections to Michigan).

### ii.   Plaintiff's MPPPA Claim does not arise from Fastest Media's Purported Contacts with Michigan

To satisfy the "arising from" prong of the test, Plaintiff must show that his cause of action has a substantial connection to Fastest Media's Michigan activities. *Beydoun*, 768 F.3d at 507. As shown above, because Fastest Media has no Michigan connections, there are no connections for Plaintiff's claim to arise from.

### iii.   This Court's Exercise of Jurisdiction over Fastest Media would not be Reasonable

Whether the exercise of jurisdiction over Fastest Media is reasonable is measured by three factors: "(1) the burden on the defendant, (2) the interests of [Michigan], and (3) [Plaintiff's] interest in obtaining relief." *Beydoun*, 768 F.3d at 508, *quoting Asahi Metal Indus. Co. v. Super. Court of Cal.*, 480 U.S. 102 (1987) (internal quotations omitted); *Service First*, 2020 WL 4366063 at *5. Not only, as explained above, does Fastest Media have no connection to Michigan, but the burden

on Fastest Media – which is located in Nevada, with no offices or employees here – is significant. *See id.* at *5-6.

For all of the foregoing reasons, this Court cannot, consistent with the relevant Michigan statutes and Due Process, exercise personal jurisdiction over Fastest Media, and Plaintiff's complaint should be dismissed.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM (FRCP 12(b)(6))

Even assuming that this Court had jurisdiction over Fastest Media, Plaintiff's complaint should still be dismissed for failure to state a claim. First, Plaintiff's allegations fail to demonstrate a disclosure by Fastest Media of his reading information prior to July 31, 2016. Second, Plaintiff's claim is mostly time-barred.

### A. Plaintiff's Allegations Fail to Plausibly Allege a Disclosure of his Reading Information Prior to July 31, 2016

To state an MPPPA claim, plaintiff must allege facts to show that: (i) the defendant knowingly disclosed personally identifying reading information about the plaintiff, (ii) to any person, (iii) without notice or permission. M.C.L.A. §§445.1712 and 445.1713. Importantly, due to the Michigan Legislature's amendment of the MPPPA, Plaintiff must allege facts showing that the disclosure occurred *prior to* July 31, 2016. *Bozung v. Christinanbook LLC,* 2023 WL 2385004 (W.D. Mich. Mar. 6, 2023) (requiring that plaintiff allege "(1) that [defendant] possessed a "record or information" concerning the transaction of materials between [defendant and

11

plaintiff], and (2) that [defendant] disclosed this information to a third party before July 30, 2016.") Courts have required detailed facts supporting these elements and have rejected complaints that create "only suspicion," rely on "a large inferential leap," or are simply speculative and based merely on plaintiff's belief. *Id.* at \*4-5; *Nashel v. The New York Times Co.*, 2022 WL 6775657, \* 4-5 (E.D. Mich. Oct. 11, 2022). Courts have also scrutinized the reliance of datacards, especially those that are far removed in time from the relevant period for a plaintiff's complaint. *Bozung,* 2023 WL 2385004 at \*4; *Nashel*, 2022 WL 6775657 at \* 4-5. (add parenthetical? Dismissing MPPA complaint and disregarding outdated datacard).

Plaintiff's complaint rests on  conclusory allegations and requires  this Court to make large speculative leaps to support a claim that Fastest Media disclosed his reading information to list broker NextMark. Plaintiff alleges in entirely conclusory terms that at some point in time he purchased a *Technowize* subscription from Fastest Media, who then then "rented, exchanged, and or otherwise disclosed detailed information about Plaintiff's . . . subscription to data aggregators, data appenders, data cooperatives, and list brokers" which eventually led to Plaintiff allegedly receiving "a barrage" of unwanted junk mail. (ECF No. 1. Compl. at ¶1, PageID.1; *see id.* at ¶¶42-45, PageID.17-18.) But Plaintiff provides no facts to support any of these allegations. Plaintiff does not allege when or how he subscribed, what information he allegedly provided, or any other details supporting his conclusion

that whatever subscription he claims to have purchased was purchased from Fastest Media.

Nor does Plaintiff include any details about how, when or to whom Fastest Media rented or sold his information during the relevant time frame. Plaintiff attempts to buttress these conclusions with yet another (incorrect) conclusion – that Fastest Media publishes *Technowize*. But Plaintiff provides no facts supporting this point – such as any paper or other statement from Fastest Media. Rather, this seems to be merely Plaintiff's wild guess.

Plaintiff then, relying on the speculative assumption that Fastest Media is the *Technowize* (or possessed his reading information), makes another speculative assumption that disclosed that reading information during the "relevant pre-July 31, 2016 time period." (ECF No. 1, Compl. ¶1, PageID.2.) Plaintiff's only support for its allegation is a single NextMark datacard that on its face *post-dates* the relevant time period *by over six years*. (*See* Compl. at Exhibit A, PageID.30 (stating that it contains "COUNTS THROUGH 9/27/2022").) At best the datacard may support an allegation that *someone* shared information related to *Technowize* with NextMark sometime *after* September 27, 2022. But the irrelevance of the datacard does not end there. As Plaintiff admits (*Id.* at ¶2, PageID.3), the datacard is from NextMark, not Fastest Media. Moreover, the datacard does not show the specific information that was included, whether it included Plaintiff's information, or where it came from (let

alone any facts which could support that it came from Fastest Media). (*Id.*) There is nothing in Plaintiff's complaint, other than his conclusions and his own conjecture, to allow this Court to infer that Fastest Media ever had and then disclosed his information at any time, let alone in July 2016.

This District Court dismissed a nearly identical MPPPA complaint in *Nashel*, 2022 WL 6775657 at *4-6. Notably, in *Nashel* the plaintiff's complaint referenced two datacards that *pre-dated* the relevant period. *Id.* at *4. To overcome the gap, the *Nashel* plaintiff alleged conclusions that the defendant engaged in similar conduct as referenced on the datacards "continuously" from the dates of those cards thereafter. *Nashel*, 2022 WL 6775657 at *4-5. The *Nashel* court found this insufficient because the datacard information made the "complaint's allegations merely *possible* rather than plausible." *Id.* at *5. The court noted that the allegations attempting to import the older datacards into the relevant time period was a "legal-conclusion inference" that the defendant engaged in improper conduct under the PPPA for all of the years between the datacards and the relevant period. *Id.* Similarly here, Plaintiff here presents a NextMark datacard that is dated well *after* the relevant period and asks the court to rely on his legal inference that Fastest Media engaged in the same conduct for *six* years prio. r, that other "substantially similar" datacards exist, and that the information came from Fastest Media. (ECF No. 1. Compl. at ¶2,

14

PageID.3-4.) Such inferences are not allowed and Plaintiff has merely alleged that his claim is possible, not that, as required, it is plausible.

The Western District of Michigan's decision in *Bozung*, 2023 WL 2385004 at *7, also supports dismissal of Plaintiff's Complaint. In *Bozung*, the court dismissed a putative MPPPA class action complaint because the plaintiff did not plausibly allege that the defendant disclosed the plaintiff's information during the relevant time period. *Id*. at *7. Like here, the plaintiff in *Bozung* relied on a NextMark datacard that was dated "six years *after* the relevant time period." *Id*. at *4 (emphasis in original). Identical to this case, the *Bozung* plaintiff attempted to rely on an allegation that there were similar datacards available earlier, including during the relevant period. The court also rejected that conclusory allegation. *Id.* Because the plaintiff could not allege sufficient facts to show the defendant disclosed his information during the relevant time period, the complaint was dismissed. This Court should dismiss Plaintiff's complaint for the same reason. *See also Wheaton v. Apple, Inc.*, 2019 WL 5536214 (N.D. Cal. Oct. 25, 2019) (dismissing PPPA claim where only support for claim were datacards that did not mention the defendant and did not show that the defendant disclosed the plaintiff's information).

### B. Plaintiff's Claim (And Those Of The Purported Class) Are Almost Entirely, If Not Entirely, Time Barred

15

The statute of limitations for a PPPA claim is six years. *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 673 (E.D. Mich. 2022). Plaintiff's claim is based on the pre-amendment version of the PPPA, which is limited to actions on or prior to July 31, 2016. (ECF No. 1. Compl. at n.2, PageID.2-3.) Plaintiff's complaint was filed on October 11, 2022, well after the six-year statute of limitations for the pre-amendment version of PPPA. Plaintiff claims, however, that this time was tolled for 102 days due to administrative orders entered by the Michigan Supreme Court during the Covid-19 pandemic. (*Id.* at ¶1, n. 1 and 2, PageID.1-3.) Even assuming that Plaintiff's assertion is accurate,[2] the potential "relevant time period" for this case, at best, is merely from July 1, 2016 to July 31, 2016, or for a period of roughly 30 days. This Court should at least dismiss that portion of Plaintiff's claim that accrued prior to July 1, 2016.

## <u>CONCLUSION</u>

This Court lacks personal jurisdiction over Fastest Media, and therefore Plaintiff's complaint should be dismissed. Alternatively, even if this Court finds that it has personal jurisdiction over Fastest Media, it should still dismiss the complaint for failure to state a claim.

---

[2] Whether the Administrative Orders of the Michigan Supreme Court operate to toll the statute of limitations for Plaintiff's claim is an issue that is pending before the Michigan Supreme Court at this time. Fastest Media reserves the right to raise further statute of limitations arguments based on the ultimate decision of the Michigan Supreme Court on that issue.

Respectfully submitted,

CLARK HILL PLC

By:     */s/ Bethany G. Stawasz*
D. Peter Valiotis (P68499)
Bethany G. Stawasz (P75578)
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300
pvaliotis@clarkhill.com
bstawasz@clarkhill.com
Date: October 2, 2023          Attorneys for Fastest Media LLC

17

## <u>CERTIFICATE OF SERVICE</u>

I state that on October 2, 2023, the foregoing paper was filed with the Court

via the ECF system which will send notification to all attorneys of record.

Respectfully submitted,

CLARK HILL PLC

By:     */s/ Bethany G. Stawasz*
D. Peter Valiotis (P68499)
Bethany G. Stawasz (P75578)
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300
pvaliotis@clarkhill.com
bstawasz@clarkhill.com

Date: October 2, 2023            Attorneys for Fastest Media LLC

18